SCHOTT, Judge.
Defendant, American Home Assurance Company[1] has appealed from a judgment ordering it to pay monthly benefits to plain *189 tiff under a “Certificate of Mortgage Accident and Health Insurance.” The issue is whether a clause in the policy providing for its termination at the time of a prepayment of plaintiff’s mortgage is enforceable.
On May 1, 1973, plaintiff became insured under a master group policy issued to Car-ruth Mortgage Corporation, holder of the mortgage on plaintiff’s home. The policy provided that the company would pay the monthly benefit to plaintiff in the event he became disabled. Part III, INDIVIDUAL TERMINATIONS, contain the following pertinent provisions:
“The insurance of any Insured Mortgagor shall terminate on the earliest of the following dates: .... (4) on the original expiration date of the Insured Mortgagor indebtedness with the Mortgagee or the date on which said indebtedness is terminated by reason of prepayment, renewal, refinancing or otherwise.”
Plaintiff became disabled and was collecting the disability benefits when he sold his home and paid the mortgage balance out of the proceeds. Defendant discontinued the payments and this suit followed.
In deciding the case in favor of plaintiff the trial judge reasoned that to do otherwise would violate the principle of unjust enrichment as discussed in Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967).
We have concluded that this principle has no application to the case before us. C.C. Art. 1965, which is the foundation of the doctrine, provides as follows:
“The equity intended by this rule is founded in the Christian principle not to do unto others that which we would not wish others should do unto us; and on the moral maxim of the law that no one ought to enrich himself at the expense of another.” (Emphasis supplied)
This article, as is readily demonstrated by the emphasized portion, must be read in context with the two previous articles which provide:
“When the intent of the parties is evident and lawful, neither equity nor usage can be resorted to, in order to enlarge or restrain that intent, nor can any law operate to that effect, unless it be some prohibition or other prohibition, which the parties have no right to modify or renounce.” Art. 1963.
“Equity, usage and law supply such incidents only as the parties may reasonably be supposed to have been silent upon from a knowledge that they would be supplied from one of these sources.” Art. 1964
The intent of the parties in the contract of insurance could not be clearer. It was intended that plaintiff would continue to receive the disability payments thereby enabling him to make his mortgage payments, but that such benefits would terminate in the event he prepaid his mortgage. Agreements legally entered into between parties have the effect of laws on those who have formed them. C.C. Art. 1901.
C.C. Art. 21 has application “where there is no express law,” but since the parties by contract established the law between them with respect to the termination of mortgage benefits Art. 21 has no application.
Likewise, the Minyard case is inapposite as it was not concerned with the enforcement of contractual rights between parties but instead dealt with the area of quasi contractual obligations as defined in C.C. Art. 2292.
The other leading case from the Supreme Court on unjust enrichment, Edmonston v. A-Second Mortgage Co. of Slidell, Inc., 289 So.2d 116 (La.1974), contains the following:
“The issue, then, is whether there is a contract, express or implied, between Mrs. Edmonston and A-Second or Standard and A-Second which would justify the enrichment of A-Second. If there is such, the contract is the law between them and it serves as a legal cause or justification for the enrichment. If cause is found, the enrichment is not unjustified and the attempt to invoke the actio de in rem verso must fail. For it is not every unjust enrichment which warrants the resort to equity; only the unjust en *190 richment for which there is no justification in law or contract allows equity a role in the adjudication.”
Because the contract between the parties authorized defendant to discontinue the payments, and since we have not been referred to and have not found any statutory law which prohibits the inclusion of such a provision in the policy the same must be enforced.
Accordingly, the judgment appealed from is reversed and set aside and there is judgment in favor of defendant, American Home Assurance Company, and against plaintiff, Ernest E. Vappie, dismissing his case at his cost.
REVERSED AND RENDERED.

. The name of the company was incorrectly given in the title of the case as American Home Insurance Co.